**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1513**

_____

TRACEY KING,

        Plaintiff - Appellant,

     v.

MARTIN J. O'MALLEY, Commissioner of Social Security Administration,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cv-00687-HEH-MRC)

_____

Submitted:  January 30, 2024                    Decided:  February 2, 2024

_____

Before KING, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Horace F. Hunter, HUNTER & EVERAGE, PLLC, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey King appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of King's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks and citation omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks and citation omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks, brackets, and citation omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating King's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's

2

order upholding the denial of benefits.[*]  *King v. Kijakazi*, No. 3:21-cv-00687-HEH-MRC (E.D. Va. Mar. 7, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Like the district court, we find no support for King's claim that the ALJ should have permitted her to further question the vocational expert about a purported conflict between the Dictionary of Occupational Titles and information from the Department of Labor Occupational Information Network.

3